UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

D-1 ADNAN KEJBOU,

                Defendant.

_____/

Criminal No.    14-cr-20774

Honorable George Caram Steeh

UNITED STATES OF AMERICA,

                Plaintiff,

v.

D-1 AYAD K. YATOOMA,

                Defendant.

_____/

Criminal No.    14-cr-20555

Honorable George Caram Steeh

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

WHEREAS, an Information was filed on September 16, 2014, which

charged Defendant AYAD K. YATOOMA, with Count One, Food Stamp Fraud

pursuant to 7 U.S.C. § 2024;

WHEREAS, based on the same underlying allegations as those found in the

criminal case pertaining to Defendant AYAD K. YATOOMA, an Information was filed on December 8, 2014 in a companion case, which charged defendant Adnan Kejbou with Count One, Food Stamp Fraud pursuant to 7 U.S.C. § 2024. (Docket No. 14-cr-20774, Doc. #1).

WHEREAS, the charging documents filed as to both defendants AYAD K. YATOOMA and ADNAN KEJBOU provided notice of the government's intent to pursue criminal forfeiture, pursuant to 7 U.S.C. § 2024(f), of the following:

    i.    A forfeiture money judgment against the defendants in favor of the United States in the amount of One Million Seven Hundred Twenty Seven Thousand Three Hundred Ninety Seven Dollars ($1,727,397.00);

    ii.    One Hundred Twelve Thousand Eight Hundred Twenty-Six Dollars and Ninety-Six Cents ($112,826.96) in U.S. currency, traceable to the sale of Real property, including all buildings, fixtures, improvements, and appurtenances, commonly known as 870-880 W. McNichols, Detroit, Wayne County,

WHEREAS, on or about October 21, 2014, Defendant AYAD K. YATOOMA pleaded guilty to Count One of the Information (Docket No. 14-cr-20555, doc. #4 at 1 (Yatooma Rule 11 Plea Agreement));

2

WHEREAS, on or about January 21, 2014, Defendant ADNAN KEJBOU pleaded guilty to Count One of the Information (Docket No. 14-cr-20774, Doc. #6 at (Kejbou Rule 11 Plea Agrement));

WHEREAS, the defendants also agreed in their Rule 11 Plea Agreements to forfeit to the United States, pursuant to 7 U.S.C. § 2024(f), any interest each defendant may have in the proceeds from the sale of the real property located at 870-880 W. McNichols, Detroit, Wayne County, MI, which sum equals One Hundred Twelve Thousand Eight Hundred Twenty-Six Dollars and Ninety-Six Cents ($112, 826.96) in U.S. currency. (Docket No. 14-cr-20555, Doc. #4 at 5-6, Yatooma Rule 11 Plea Agreement; Docket No. 14-cr-20774, Doc. #6 at 6, Kejbou Rule 11 Plea Agreement);

WHEREAS, the defendants also agreed to the entry of a forfeiture money judgment against each in favor of the United States in the amount of One Million Seven Hundred Twenty Seven Thousand Three Hundred Ninety Seven Dollars ($1,727,397.00), representing the total value of the property subject to forfeiture for Defendants' violation of Count One as charged in their respective Information. (Docket No. 14-cr-20555, Doc. #4 at 6; Docket No. 14-cr-20774, Doc. #6 at 5-6). Defendants further agreed that each shall be held jointly and severally liable for the forfeiture money judgment with any other co-defendants found guilty of violating 7

3

U.S.C. § 2024, under the facts and circumstances alleged in Count One of their respective charging document. (*Id.*);

WHEREAS, the factual basis for the guilty pleas of Defendants Kejbou and Yatoom both relate to food stamp fraud occurring at Caesar Food Center in Detroit, Michigan in or about May 2007 and continuing through August 2011, and that:

> [F]rom May 2007 through August 2011, the defendant, with his partner obtained, for Caesar, approximately $1,724,397.00 in food stamp benefits which were purchased for cash at a discounted rate pursuant to the scheme described above, or were exchanged for ineligible items[.]

(Docket No. 14-cr-20555, Doc. #4 at 2; Docket No. 14-cr-20774, Doc. #6 at 2);

WHEREAS, the defendants and the government agreed in their respective Rule 11 Plea Agreements that the amount of the forfeiture money judgment shall be reduced by the net amount realized from the property ultimately forfeited to the United States in the related civil forfeiture proceeding, *United States v. $16,170.59 from Huntington Bank Account #1347, et al.*, 12-cv-11216 (Lawson, J.).   (*Id.* at 6). The assets in the related civil forfeiture proceeding were forfeited by way of stipulated consent judgments on January 4, 2013 and May 8, 2013, respectively. (Doc. ## 67 and 69, Civil Case No. 12-11216).   The government has represented to the court that $292,498.26 was the net forfeited amount resulting from the civil

4

forfeiture proceeding;

WHEREAS, consistent with Rule 11 Agreements of the defendants the government has applied for a forfeiture money judgment in the amount of One Million Four Hundred Thirty Four Thousand Eight Hundred Ninety Eight Dollars ($1,434,898), which is the forfeiture money judgment amount of $1,727,397.00 less the $292,498.26 forfeited in the related civil forfeiture proceeding.

NOW THEREFORE, based on Defendant's respective charging documents, Defendants' agreement to forfeiture, all other information in the record, and pursuant to 7 U.S.C. § 2024(f):

IT IS HEREBY ORDERED that a forfeiture money judgment in the amount of **One Million Four Hundred Thirty Four Thousand Eight Hundred Ninety Eight Dollars ($1,434,898**) is granted and entered against Defendants AYAD K. YATOOMA and ADNAN KEJBOU in favor of the United States of America. Defendants AYAD K. YATOOMA and ADNAN KEJBOU shall be jointly and severally liable with one another for the full amount of the $1,434,898 forfeiture money judgment.

IT IS FURTHER ORDERED that any unpaid balance of the money judgment may be satisfied through the forfeiture of any property of the defendants as substitute property by operation of 21 U.S.C. § 853(p)(1) and (p)(2);

5

IT IS FURTHER ORDERED that the **One Hundred Twelve Thousand Eight Hundred Twenty-Six Dollars and Ninety-Six Cents ($112,826.96) in U.S. currency** (hereinafter "Subject Currency"), traceable to the sale of Real property, including all buildings, fixtures, improvements, and appurtenances, commonly known as 870-880 W. McNichols, Detroit, Wayne County, IS HEREBY FORFEITED to the United States for disposition in accordance with the law, and any right, titled or interest of the defendants in the Subject Currency, IS HEREBY AND FOREVER EXTINGUISHED.

IT IS FURTHER ORDERED that upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

The United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the Subject Currency in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the Defendant Currency may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.   The United States may also, to the extent practicable, provide direct written

6

notice to any person or entity known to have an alleged interest in the Subject Currency.

The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Defendant Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Currency, any additional facts supporting the petitioner's claim, and the relief sought.   The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Defendant Currency.

After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing.   If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

The United States shall have clear title to the One Hundred Twelve Thousand

7

Eight Hundred Twenty-Six Dollars and Ninety-Six Cents ($112, 826.96) in U.S. currency following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

IT IS FURTHER ORDERED that following acquisition of clear title by the United States of the Subject Currency the Forfeiture Money Judgment shall be reduced by the total value of the $112,826.96 Subject Currency forfeited to the United States.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

*****************************

**IT IS SO ORDERED.**


Date: April 7, 2015                    s/George Caram Steeh
                                       HONORABLE GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE